G. W. JOURNEY *v.* W. M. PRIESTLY.

1. **CONDITIONAL SALE.** *Undivided interest. Reservation of title. Notice.*

    Where one, having as partner an undivided interest in personal property, sells the same, reserving title to secure payment of the price, the transaction is legitimate, and no record of it is necessary in order to affect with notice purchasers from the vendee. They must beware. *Duke* v. *Shackleford*, 56 Miss., 552.

2. **CHANCERY JURISDICTION.** *Partnership interest. Enforcing demand.*

    In such case, the subject of the sale, being an undivided interest in a partnership, the seller, in order to enforce payment of his demand, cannot seize the goods by action at law, and may resort to equity.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

G. W. Covington and G. W. Journey were partners, conducting a livery-stable business at Canton, Miss. The partnership effects consisted of horses, vehicles and other personal property. Journey owned an undivided one-third interest in the business, which, on January 18, 1892, he sold to B. F. Billingslea, who became the partner of Covington, and the business was continued under the firm name of Covington & Billingslea. For the interest so purchased, Billingslea paid Journey $1,000 cash, and gave him his promissory note for $880, the balance of the purchase-money, payable January 1, 1893. The note contained a stipulation that it was for the "purchase-money of one-third interest in the livery business styled Covington & Journey, this day sold said Billingslea, the title to which interest is hereby reserved and retained in G. W. Journey and his assigns until this note is paid in full." It was not acknowledged or recorded. When the purchase was made, Billingslea took possession, and, with Covington, continued the business. Subsequently, Billingslea sold his one-third interest in the business to appellee, W. M. Priestly,

who purchased and paid for the same without notice of Journey's claim. Thereupon, the business was continued by Covington & Priestly. Afterwards, Journey filed the bill in this case, setting up the facts above stated, and averring that the note executed by Billingslea was due and unpaid, and prayed that the undivided one-third interest in said partnership effects, sold by Billingslea to Priestly, should be subjected to the payment of said note. From a decree sustaining defendant's demurrer to the bill and dismissing the case, complainant appeals.

*F. B. Pratt,* for appellant.

Under the contract, the title to the property sold was retained in Journey as security for the unpaid purchase-money. *Duke* v. *Shackleford,* 56 Miss., 552; *Dederick* v. *Wolfe,* 68 *Ib.,* 500. Having title to the property, complainant had the right to subject it in satisfaction of his debt. But, the interest being undivided, he could not resort to an action at law to get possession, and, hence, the chancery court had jurisdiction. Replevin would not lie in such case. Wells on Replevin, 154; *Hoff* v. *Rodgers,* 67 Miss., 208.

*W. H. Powell,* for appellee.

The demurrer was properly sustained. If the intention of Journey was to retain title, his remedy at law by replevin was adequate.

The note recites that a one-third interest in the business was reserved. This amounts to nothing, if it be not a lien to secure the purchase-money. It was not recorded. Priestly was a *bona fide* purchaser, and is protected. There is no equity in the bill.

The cases of *Ketchum* v. *Brennan,* 53 Miss., 596, and *Duke* v. *Shackleford,* 56 *Ib.,* 552, are not applicable. The whole scope of the bill is to foreclose a mortgage or enforce a lien. As against Priestly, complainant is not entitled to relief.

To give notice to the world, it is necessary that the instru-

ment should have been acknowledged and recorded. *Dederick* v. *Wolfe,* 68 Miss., 500 ; *Tufts* v. *Stone, ante,* 54. Liens, mortgages and trusts must be acknowledged and filed for record to affect purchasers with notice. The court will look through the form of the transaction, and ascertain the intention of the parties.

CAMPBELL, C. J., delivered the opinion of the court.

The transaction between Journey and Billingslea was a conditional sale, in which the title of the thing sold was reserved by the seller until the note for unpaid price should be paid. It was a legitimate transaction, sanctioned by law, of very frequent occurrence, and not required to be made of record, but valid without, and purchasers from the vendee in such case must beware, for he cannot give a better title than he has by his contract with the vendor. *Ketchum* v. *Brennan,* 53 Miss., 596 ; *Duke* v. *Shackleford,* 56 *Ib.,* 552.

'If the subject of the sale had been specific chattels, Journey could have maintained replevin or other action at law for the goods; but, as the thing sold was an undivided interest in a partnership, he properly resorted to chancery to enforce his unquestionable rights, because he has no remedy at law.

*Reversed, demurrer overruled and cause remanded for answer in thirty days after mandate filed, as of last term of chancery court.*