DANIEL B. YOUNG v. MARION A. SALLEY.

SALES. *Reservation of title. Replevin. Evidence. Notice.*

> In replevin for a horse against the vendee of one who on purchasing the animal had executed his note for the price, showing a reservation of title in the seller until payment, such seller may show by parol evidence that the animal insufficiently described in the note is the one in suit, and the condition of the sale as to payment being unperformed, may within three years from delivery to his transferee recover possession, whether or not such vendee had notice of his right.

FROM the circuit court of Webster county.

HON. WILLIAM F. STEVENS, Judge.

The appellant, Young, was plaintiff, and the appellee, Salley, was defendant in the court below.

The opinion states the case.

*Samuel Cook* and *Hill, Sisson & Knox,* for the appellant.

The excluded testimony of the plaintiff, Young, was clearly admissible. It was not offered to contradict or vary a written instrument, but to ascertain the qualities, nature, and description of the subject of a contract. *Dixon* v. *Cook,* 47 Miss., 220.

Extrinsic evidence is admissible for the identification of the thing as well as the person intended by the maker of an instrument. *Peacher* v. *Strauss,* 47 Miss., 353, 7 Am. & Eng. Enc. Law, 93; *Shackelford* v. *Hooker,* 54 Miss., 716. The rule as to mortgages and deeds of trust cannot be invoked in aid of the appellee.

*A. F. Fox* and *Dunn & Gould,* for the appellee.

The contract evidence by Harper's note was one which created and vested the right relied on, and parol evidence was, therefore, inadmissible to add anything thereto. *Baum* v. *Lynn,* 72 Miss.,

932. There is a patent ambiguity in the description of the animal referred to in the note which cannot be aided by extrinsic evidence. *Bowers* v. *Andrews,* 52 Miss., 596; *Haughton* v. *Sarter,* 71 Ib., 357. The description employed in the note would be void in a mortgage, and the reservation of title is only by way of security.

CALHOON, J., delivered the opinion of the court.

Young brought replevin on March 12, 1903, against Salley for "one sorrel blaze face mare," and, as evidence in his behalf, offered the following paper:

"Sixty days after date I promise to pay D. B. Young $65.00 for one mare. The title of said mare is to remain in D. B. Young until paid for. This 8 July, 1902.

"T. J. X HARPER."

To the introduction of this Salley objected on the sole ground of the insufficiency of the desrciption of the mare, and the court sustained the objection, and Young excepted. Young then offered to prove that the mare seized in the possession of Salley under the writ of replevin was the identical mare which was the subject of the conditional sale to Harper evidenced by the paper, but the court sustained objection to this on the ground that, "the instrument itself being void because there was no description of the property in controversy, the description cannot be supplied by parol testimony." Young excepted to this ruling, and then offered to prove that Salley knew the "condition of the title to this property when he traded for the mare," and objection was sustained to this, and exception taken, and there was a peremptory instruction for Salley.

The doctrine of ambiguities and voidness for uncertainty of description has no pertinency to this case. Young had the right to his own mare, whether found in the hands of Harper, his conditional vendee, or any purchaser from Harper, with or without notice of the reservation of title, unless—as is not the

case here—possession for three years had made the statute of frauds applicable. Code 1892, § 4227. *Ketchum* v. *Brennan*, 53 Miss., 607; 21 Am. & Eng. Enc. of Law (1st ed.), 653, 658; Brame & Alexander's Digest, 1048, cl. 18; *Duke* v. *Shackelford*, 56 Miss., 552; *Gayden* v. *Tufts*, 68 Miss., 691, 10 South., 53. The decision must be precisely as it should be if Harper had never disposed of the property and the controversy was between Young and Harper. In such case, surely, Young could show, as between them, that he sold a mare to Harper, and delivered the particular mare bagained for, and took the paper referred to in order to evidence the price agreed on and his reservation of title until payment made. If he could do this in a case between him and Harper, he may, under the authorities cited, do so in a case against a purchaser from Harper with or without notice, within three years from the time of delivery of the property to Harper. If Young had remained in possession of the property, and had never delivered it, and Harper, his vendee, had sued Young to compel delivery, a question of voidness for uncertainty of description might arise. It will never do to confuse the case at bar with the cases of purchasers at tax sales or trustees' sales, where the original owner has never parted with possession. The burden was on Young to prove that the mare was his, that the sale was conditional, and that the condition had not been complied with. *Ketchum* v. *Brennan*, 53 Miss., 607. To this he should have been permitted to show the paper and to identify the mare as the one delivered under it. As to the doctrine of purchasers with notice, as Salley was in the case at bar, even if he had bought at a sale under a trust deed, he would be bound as to the property contracted about if it had been delivered to the trustee by the owner. *Cowden* v. *Lockridge*, 60 Miss., 385; *Kelly* v. *Reid*, 57 Miss., 91, 92. Delivery by the owner and acceptance by the vendee ascertain identity in the case before us.

*Reversed and remanded.*