SOUTHERN WOOD FIBER COMPANY *v.* THORNTON.

[72 South. 1002.]

EXECUTION. *Claim of third person. Sufficiency of evidence.*
  Where plaintiff makes out a *prima facie* case it is error for the court to give a peremptory instruction for defendant.

APPEAL from the circuit court of Forest county.
  HON. PAUL B. JOHNSON, Judge.

Execution by the Southern Wood·Fiber Company on a judgment against C. J. Thornton in which Mrs. Nellie T. Thornton, his wife, filed a claimant's issue to the property taken under ·execution and levy. From a verdict for claimant, plaintiff in execution appeals.

The facts are fully stated in the opinion of the court.

*Stevens & Cook,* for appellant.

*R. S. Hall,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellant, Southern Wood Fiber Company, obtained a judgment in the circuit court of Forest county against C. J. Thornton, which judgment was duly enrolled according to law, and execution was issued upon this judgment and levied upon certain personal property (stock and cattle) claimed to belong to C. J. Thornton, Mrs. N. T. Thornton, the appellee here, filed a claimant's affidavit to this property. On the trial of the right ·of property, after the appellant had introduced its testimony, on motion of appellee, the same was excluded, and a peremptory instruction given to find for the claimant. Verdict and judgment were duly entered for the appellee, from which judgment this appeal is prosecuted.

The property levied on under this execution consisted of cattle, and possibly one or two horses and mules. The testimony introduced by the judgment creditor, the appellant here, showed that a part of this property was on a plantation about four ·or five miles from Hattiesburg, commonly known as the "Thornton

place.'' Whether it belonged to Mr. or Mrs. Thornton is not shown. The testimony, however, shows that Mr. Thornton, the execution debtor, had the active management and control of this plantation, making the arrangements with the tenants who worked the same, and also making arrangements with them to care for and look after these cattle. The testimony further shows that Mr. Thornton, from time to time, went out and had cattle butchered on the place. The cattle levied on, which were not on this plantation, were in the possession of a party by the name of Davis. The testimony shows that Mr. Davis came into possession of these cattle through an arrangement he made with Mr. C. J. Thornton, who had a drug store in Hattiesburg. At the time this arrangement was made some of the cattle were at the Thornton home in Hattiesburg. Mr. Davis arranged with Mr. Thornton to let him have the milk cows and that he would deliver to Mr. Thornton, at his drug store, all of the milk he wanted, at a reduced price, and that he would also turn over to him (Thornton) all the calves from these cows. There was no testimony, whatever, that the cattle belonged to the claimant, the appellee here, except that part of the testimony of Mr. Davis which shows that after there was talk of an execution being levied on these cattle Mr. Thornton called him over the phone and told him to tell any one who asked him that the cattle belonged to Mrs. Thornton. The testimony of the witnesses introduced by the appellant showed that the execution debtor, C. J. Thornton, was in the entire management and control of the property levied on. It is true that he may have been the manager or agent for his wife. However, the claimant failed to introduce any testimony whatever upon this proposition. We therefore think that the appellant made out a *prima facie* case, and that it was error to grant the peremptory instruction and exclude the testimony. *Ketchum & Cummings* v. *Brennan,* 53 Miss. 596.

*Reversed and remanded.*