SHINAULT *v.* SHINAULT.[*]

(Division A.   May 9, 1927.)

[112 So. 593.   No. 26474.]

LIMITATION OF ACTIONS.  *Replevin action involving ownership of personal property held not barred by law requiring certain actions to be commenced within three years (Hemingway's Code, sections 2463, 3121).*

Action in replevin, involving ownership and right to possession of personal property, *held* not barred by Code 1906, section 3099 (Hemingway's Code, section 2463), requiring that certain actions be commenced within three years, since right to maintain replevin for personal property is not limited except under Code 1906, section 4777 (Hemingway's Code, section 3121), in cases where rights of creditors or purchasers of persons in possession have intervened.

*Corpus Juris-Cyc References: Limitation of Actions, 37CJ, p. 746, n. 72.

APPEAL from circuit court of Lafayette county.

HON. T. E. PEGRAM, Judge.

Action by J. L. Shinault against W. P. Shinault. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*L. C. Hutton,* for appellant.

At the conclusion of testimony for plaintiff the court below sustained the motion of defendant for a directed verdict on the basis that the three-year-statute of limitations had run. At common law the rule is that "possession of personal property by a wife is the possession of the husband." 30 C. J., page 1208; *Bell* v. *Bell,* 37 Ala. 536. A wife cannot hold adversely to her husband. 30 C. J. 578-579-754. Hence, logically an action in replevin would not lie as between husband and wife.

The judgment of the lower court was predicated upon the basis that the possession by plaintiff's wife of the property at issue should be linked with that of defendant rather than to the possession of her husband, and in this the lower court erred. Common law recognized no limitations to actions. They are entirely statutory and by rule of law should be strictly construed and applied only where the facts clearly warrant application. Appellant insists that a wife's possession of personal property is the possession of her husband, and her possession cannot be linked to that of another than her husband to defeat the title and right of possession of her husband to property owned by him and merely placed with his wife as a bailee thereof.

The rule is that where the loan of property is for an indefinite time, the bailor may terminate the bailment when he pleases. And the bailment terminates *eo instanti* by the death of the bailee. See 6 C. J., page 1146, section 104. In the instant case bailment of the household goods by the wife of plaintiff terminated at her death in December, 1922. Following this event plaintiff made demand for the household goods at issue; and possession being refused by defendant, this action ensued within a much less than three-year period thereafter.

No allegation of title to the property at issue is made by defendant as having been in himself or in the wife of appellant with whom appellant left the possession thereof when retiring from the residence occupied by her in December, 1920. And the rule of law is, "A defendant showing no title (*Wyman* v. *Gould,* 47 Me. 159) or right to possession (*Reber* v. *Hyde,* 138 Mich. 101, 101 N. W. 61) cannot impeach that of his opponent." The purpose of the law is to protect rather than defeat property rights; and appellant being the only person shown by the record here to make any claim of title or right to possession of the property at issue, appellee cannot impeach his right of possession without showing

by affirmative testimony a claim of title in himself. *Wyman* v. *Gould,* 47 Me. 159.

This special plea and motion and the court's action thereon were each and all without authority of law. The law recognizes but one plea by defendant in actions of replevin and that is the general issue. Section 4232, Code of 1906 (section 3061, Hemingway's Code); *Munn* v. *Potter,* 111 Miss. 180, 71 So. 315.

The statute of limitations does not run in favor of a wife against her husband until she obtains a divorce. See *Gilkey* v. *Kenady,* 81 Ark. 147, 98 S. W. 969.

*W. P. Shinault,* for appellee.

The three-year statute of limitation applies in this case as held by the lower court and upon that basis no proof was deemed necessary on the part of the defendant. The record discloses that the action of replevin was filed October 23, 1924, so that it is confidentially submitted that the action of the lower court was correct and that the assignment of error in this case does not apply. It may be stated for the benefit of the court that the title to the property owned by W. P. Shinault in which was located and held by him the property sued for in this case, has long since been settled by a final decree.

COOK, J., delivered the opinion of the court.

This is an appeal from a judgment in favor of the defendant, in an action of replevin instituted by the appellant in the circuit court of Lafayette county, seeking to recover from the defendant the possession of certain household goods.

The record discloses that the appellant is the father of the appellee, and is now very old. Some time prior to 1920 the appellee acquired title to the residence which for a long time had been the family home. The appellant and his wife, however, continued to reside in this

home with the family of his son, the appellee, until November, 1920, when, on account of some domestic trouble, he separated from his wife and left the home. The testimony for the appellant was to the effect that all of the personal property at issue was purchased by and belonged to him, and that, when he separated from his wife in 1920, he left this property in the possession of his wife for her use and benefit during her lifetime, and that she retained possession thereof until her death in December, 1922. Thereafter the appellant demanded possession of the property, and, upon the appellee's refusal to surrender possession thereof, this suit was instituted. At the conclusion of the testimony for the plaintiff, the court below granted a peremptory intruction in favor of the defendant on the ground that the action was barred by section 3099, Code of 1906 (section 2463, Hemingway's Code), which provides that:

"Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, expressed or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

We do not think this statute has any application to the facts here involved. This action is purely possessory, and the right to the possession of the property here involved depends upon the ownership thereof or title thereto, and is not based upon an open account or stated account or oral contract, express or implied. The court below seems to have held that all actions of replevin are barred by this three-year statute of limitation, and the appellant so contends, and relies upon the case of *Young* v. *Salley,* 83 Miss. 362, 35 So. 571, to support this contention. This case, however, did not so hold, but it merely held that the vendor of personal property under a conditional sales contract may recover the property from a purchaser from the conditional vendee unless "possession for three years had made the statute of frauds applicable;" that is, applicable for the protection

of the purchaser and not the original vendee. We know of no statute under which the title to personal property may be acquired by possession for a period of three years, or that limits the right to maintain replevin to three years, except in cases where the rights of creditors or purchasers of the persons in possession have intervened, and the statute which preserves the rights of such creditors or purchasers is a statute of frauds, being section 4777, Code of 1906 (section 3121, Hemingway's Code).

The judgment of the court below will therefore be reversed, and the cause remanded,

*Reversed and remanded.*