## VICK *v.* ROBBINS *et al.*

(Division A. March 14, 1938. Suggestion of Error Overruled April 11, 1938).

[179 So. 555. No. 33043.]

Green, Green & Jackson, of Jackson, and F. B. Collins, of Laurel, for appellant.

**Welch & Cooper,** of Laurel, for appellees.

318

**McGehee, J.**, delivered the opinion of the court.

There was a judgment obtained in the county court of Jones county by the appellant against J. W. Robbins; and subsequently there was a suggestion of garnishment; a writ of garnishment against the Dan-Dee Dairy Products Company, Inc.; an answer of the garnishee denying any indebtedness, etc., to the judgment debtor; a contest of the answer of the garnishee by the judgment creditor, which set forth that he had been informed by the president of the garnishee corporation that the said J. W. Robbins came to him and made arrangement for the delivery of milk to the garnishee for which an indebtedness was due and owing; a petition filed by T. C. Robbins claiming the money as the proceeds of milk produced on a farm owned by the petitioner, in which petition it was alleged that J. W. Robbins, as agent of petitioner, had contracted with C. P. Cowan to give the said Cowan one-half of the proceeds of the milk sold from petitioner's cows as compensation for services rendered in feeding and milking the cows; the petition of C. P. Cowan setting forth the same facts alleged in the peti-

tion of T. C. Robbins; the petition of the judgment debt-
or, J. W. Robbins, asking to be allowed to intervene in
the proceedings and claim the money found to be due by
the garnishee to him, as exempt; and an amended answer
of the garnishee admitting an indebtedness then due and
owing in the sum of $103.56, and which amended an-
swer suggested that although the garnishee had never
seen T. C. Robbins, nor had any dealings with him, it
had been informed that he would claim the money and
should be summoned to court to propound his claim, and
which further suggested that J. W. Robbins would per-
haps claim the money as exempt.

The trial of the claimants' issues in the county court
was not stayed, as provided for under the mandatory
requirements of section 1847, Code 1930, until the claim
of the judgment debtor, J. W. Robbins, to the money, as
exempt, was tried and disposed of; but the cause pro-
ceeded to trial on the claimants' issues, when the appel-
lant, as plaintiff in execution, assumed the burden of
proof and undertook to show that the money was subject
to the judgment as the property of the judgment debtor.

The proof offered by appellant disclosed that the judg-
ment debtor was in possession of the farm, from which
the milk was hauled to the dairy in his truck, and that
he was exercising ownership and control thereof; that
he was in possession of a herd of cattle on this farm,
claiming them as his own; that he made the contract and
transacted the business, although his checks were signed,
and his bank account was carried, in the name of
"T. C. Robbins by J. W. Robbins" from the year 1931
to the date of the trial; that the appellant was engaged
in operating a filling station, where the judgment debtor
carried his account in the name of T. C. Robbins and
paid with checks signed "T. C. Robbins by J. W. Rob-
bins," but that on the one and only occasion when T. C.
Robbins ever purchased gas and oil at the station, he
paid for it himself; that T. C. Robbins had nothing to do

with the operation of the business, and for aught that appears in the record he is not shown to have had any access to the bank account carried in his name by J. W. Robbins, or that he personally received the proceeds of any checks which had been previously given in payment of milk delivered to the garnishee by J. W. Robbins.

Considering the relationship of father and son which existed between the judgment debtor and T. C. Robbins, together with the fact that it does not appear that there was any other herd of cattle on the farm from which the milk was hauled by the judgment debtor than the one shown to have been in his possession and over which he exercised ownership and control, together with the other testimony offered, we think that under the authority of the case of Southern Wood Fiber Company v. Thornton, 112 Miss. 258, 72 So. 1002, the proof offered established à prima facie case as to the judgment debtor's ownership of the proceeds of the milk in question; that the allegations of the claimants' petitions to the contrary, not being evidence, and being of no greater efficacy and weight than the claim of the judgment debtor to the same money as exempt, did not meet the prima facie case made; and that in view of the facts testified to, as well as some of the other testimony that was excluded, it was error to grant the peremptory instruction in favor of the claimants, in the absence of any proof to support their claims. In the case of Southern Wood Fiber Co. v. Thornton, supra, it was said: "The testimony of the witnesses introduced by the appellant showed that the execution debtor, C. J. Thornton, was in the entire management and control of the property levied on. It is true that he may have been the manager or agent for his wife. However, the claimant failed to introduce any testimony whatever upon this proposition. We therefore think that the appellant made out a prima facie case, and that it was error to grant the peremptory

instruction and exclude the testimony. Ketchum & Cummings v. Brennan, 53 Miss. 596.''

The judgment of the circuit court affirming the decision of the county court must, therefore, be reversed.

Reversed and remanded.