### H. HILLER ET AL. *v.* J. R. COTTEN.

1. MOTION TO DISSOLVE INJUNCTION. *Notice served on solicitor.*
   Service of notice on the complainant's solicitor of a motion to dissolve an injunction is as valid as if on the complainant.

2. SAME. *Misdescription of a party in notice.*
   Such notice is not vitiated by a misdescription of the solicitor's client, if there is no mistaking the cause to which it relates.

3. SAME. *Where heard.*
   The motion may be heard by the Chancellor in vacation in any county of his district, as well as the county in which the suit is pending.

4. LIABILITY OF GARNISHEES. *Release of attachment debtor's land.*
   An attachment creditor, having garnished three persons, obtained judgment against his debtor and each garnishee for the entire demand. Trustees to whom the debtor, for the benefit of his creditors, had conveyed land, paid the attachment creditor $1,000, in consideration whereof he released his judgment lien thereon. *Held*, that the garnishees could not compel the creditor to apply the $1,000 in satisfaction *pro tanto* of his judgment. *Held further*, that the creditor might pursue all of the garnishees, but could obtain only a single satisfaction of his judgment.

APPEAL from a decree by Hon. Thomas Y. Berry, Chancellor of the tenth district, at the court-house in Jefferson County, dissolving an injunction.

H. Hiller & Co., Wolfe & Cerf and *Levy & Moyse*, by their solicitor D. W. Hurst, filed a bill in the Chancery Court of Amite County, against J. R. Cotten, alleging that an attachment at his suit against M. Hiller & Co., returnable to the Circuit Court of Amite County, having been levied on land over $4,331.89 in value, in Pike County, and the complainants summoned as garnishees, a judgment for $4,331.89 was ren-

dered against M. Hiller & Co., with an order condemning the land and judgment for $4,331.89, against each of the garnishees.  M. Hiller & Co., after the judgment against them was enrolled in Pike County, conveyed the land to trustees, for the benefit of their creditors, subject to the judgment lien. Cotten having subsequently, in consideration of $1,000, released the land from the attachment and judgment lien, and guaranteed the trustees against disturbance therefrom, sued out against the three garnishees the three executions for $4,331.89 each, which the bill seeks to enjoin.

The defendant having moved, in vacation of the Amite Chancery Court, to dissolve the injunction, for want of equity on the face of the bill, served personally on Hurst a notice thereof, styled of the proper case, and directed to H. Hiller & Co., Wolfe & Cerf and *Levy, Moyse & Co.*, or D. W. Hurst, their solicitor of record.

*D. W. Hurst*, for the appellants.

1. By Code 1871, § 1049, notice of a motion to dissolve an injunction must be given to the party.  Code 1871, § 2255, applies to motions in the progress of a suit, not to a hearing of an injunction in vacation.  The statute should be so construed that both will stand.

2. The notice served upon the solicitor is defective, in this, he is served with notice as attorney of Levy, Moyse & Co., when the record shows that he represents no such parties.

3. The Chancellor had no power to hear a motion to dissolve an injunction out of the county in which the bill was filed. Sect. 1052 Code 1871, as to appointing receivers, and §§ 1079 and 1082, as to taking depositions, provide that notice of the time and *place* shall be given.  In § 1049 Code 1871, as to motions to dissolve injunctions, only the *time* is mentioned. The right is not left with the defendants to fix the place.

4. The bill disclosing ground for relief, the injunction should not have been dissolved.  *Clarke* v. *Clement*, 6 T. R. 525; 4 N. H. 173; *Western* v. *Clarke*, 37 Mo. 569.

*Cassedy & Stockdale*, for the appellee.

1. On the face of the bill, the injunction was properly dissolved.  1 Story Eq. Jur. § 640 ; *Agricultural Bank* v. *Pallen*, 8 S. & M. 357; *Rollins* v. *Thompson*, 13 S. & M. 522;

*Davis* v. *Walker*, 51 Miss. 659; *Planters' Bank* v. *Spencer*, 3 S. & M. 305; *Lansing* v. *Eddy*, 1 Johns. Ch. 49; *Harrington* v. *O'Reilly*, 9 S. & M. 216; High on Injunctions, § 165, and authorities cited; *Faulkner* v. *Campbell*, Morris (Iowa), 148; *Mason* v. *Richards*, 3 Gilman, 25; *Murdock* v. *Devries*, 37 Cal. 527; *Nixon* v. *Carco*, 28 Miss. 414; Code 1871, § 1047; *Foster* v. *Wood*, 6 Johns. Ch. 87; *Nevitt* v. *Gillespie*, 1 How. (Miss.) 108; *Green* v. *Robinson*, 5 How. (Miss.) 80; *McRaven* v. *Forbes*, 6 How. (Miss.) 569; *Hiller* v. *Cotton*, 48 Miss. 593; High on Injunctions, §§ 98–100, and authorities cited.

2. The counsel then proceeded to discuss the formal defects of the notice as to service on the solicitor alone, and the misdescription of the firm name, as also the place *where* the motion should be heard, citing Code 1871, §§ 1049, 2255; 5 S. & M. 379.

CAMPBELL, J., delivered the opinion of the court.

Notice of the hearing of a motion to dissolve an injunction when served on the solicitor of the complainant is as valid and effectual as if served on the party himself. Code 1871, § 2255.

Notice to the solicitor of the complainant of the hearing of a motion to dissolve an injunction is not rendered insufficient by a misdescription, in a matter which could not mislead him, of his client. Notice to the solicitor of the time and place of the hearing of the motion is the material matter. Accuracy in the designation of his client is immaterial, if there is no mistaking the cause to which the notice relates.

A motion to dissolve an injunction may be heard by the Chancellor in vacation, under § 1049 of the Code of 1871, in any county of his district, and is not required to be heard in the county in which the suit is pending.

The motion to dissolve the injunction in this case was on proper notice, and was properly heard in the county of Jefferson, and was rightfully sustained. There is no equity in the bill. It is wholly immaterial to the complainants whether Cotten released for a price the land on which he had a lien or not. If he had not released it, he could enforce his judgment against them; and his release of it did not affect them, nor his right as against them. He had four sources of satisfying his judgment, and

each was independent of the other. He relinquished his claim on one, and in doing so did no wrong to any of the others. They were not sureties or joint debtors. As between them there was no privity nor relation of any sort, except being the common debtors of the same creditor. The complainants have no claim on Cotten to apply the $1,000, paid him for a release of the land from his attachment, as a credit on his judgment. They did not pay it; and their creditor, the judgment debtor, did not pay it; nor was it paid by the trustees to whom the release was made, as a satisfaction *pro tanto* of Cotten's demand in his attachment suit. It was the price received by Cotten from strangers to the attachment suit, for precluding himself from seeking satisfaction of his demand out of the land released, and taking the risk of obtaining it from other sources. It was as if a judgment creditor, with a lien on four separate tracts of land belonging to his judgment debtor, should for a consideration release one of them to a third person. The price paid in such a case is not a payment on the debt of the judgment debtor, but a compensation for the surrender of a right.

Cotten has the right to pursue all of the garnishees, but to obtain a single satisfaction of his judgment.

*Decree affirmed.*