R. T. GÁYDEN *v.* JAMES W. TUFTS.

68  691
83  364

1. SALE. *Title reserved.  Assignment for creditors.  Replevin.*
   The right of a seller, upon default, to retake property, the title to which
   was reserved, is not destroyed by a voluntary assignment for creditors
   by the purchaser.

2. SAME. *Code* 1880, § 1300. *Right of seller.*
   In such case the assignee cannot defend by proof that the property was used
   by the purchaser in his business and became liable to the creditors under
   § 1300, code 1880.

FROM the circuit court of Montgomery county.

HON. JAMES T. FANT, Judge, presided, by interchange with
HON. C. H. CAMPBELL.

In January, 1890, appellee, Tufts, sold to Jones & Watts, drug-
gists in Winona, Miss., a soda fountain and apparatus, the contract
and several installment notes for the purchase thereof reciting that
the title was reserved in Tufts until all the notes were paid.   The
contract was acknowledged and duly recorded.   The fountain was
placed in the drug store of said firm, and used in their business
during the season of 1890 and until January 5, 1891, when the
firm failed, and made a general and voluntry assignment to appel-
lant, Gayden, as assignee, for the benefit of creditors.

The fountain was purchased upon monthly installments, the last
of which was not payable until April, 1894, and at the time of the
assignment two of the past due notes and all of those not matured
were unpaid.   Appellant took possession of the fountain, claiming
it under the assignment, and Tufts brought this action of replevin
to recover it.   The contention of the assignee is that the conditional
nature of the sale to Jones & Watts was destroyed and the foun-
tain made liable in his hands to the trust in favor of creditors by
virtue of § 1300, code 1880, which provides that " all property,
etc., used or acquired in such business (the business of a trader)
shall, as to the creditors of such person, be liable for his debts, and
be in all respects treated in favor of his creditors as his property."

By consent, the case was tried by the court without a jury, and plaintiff recovered judgment.

Defendant, the assignee, appealed.

*Sweatman, Trotter & Knox,* for appellant.

The conditional nature of the sale existed so long as the fountain remained in the hands of the merchant, but ceased and was converted into absolute ownership when the rights of creditors intervened. The assertion of right by creditors is not confined to any particular mode. It may be by judgment, or mortgage, or by general assignment. The assignee is a mere figure-head, and the property was devoted to the benefit of creditors. The assignee represents the creditors, and since the fountain became liable to the merchant's debt by virtue of § 1300, code 1880, the assignee was entitled to hold it. To allow the seller to recover would not be treating the property " in all respects as the property of the debtor." *Paine* v. *Halliday, ante,* 298.

Since the contract was not such as the law requires to be recorded, its being recorded confers no additional right upon plaintiffs. *Ketchum* v. *Brennan,* 53 Miss. 596.

*Calhoon & Green,* for appellee.

The contract of sale was valid, and on default the seller was entitled to the property as security for the debt. *Burnley* v. *Tufts,* 66 Miss. 48 ; *Dederick* v. *Wolf, ante,* 500.

Being recorded, it cannot be affected by § 1300, code 1880. *Dodds* v. *Pratt,* 64 Miss. 123.

The assignee is a mere volunteer and takes the property subject to all the equities against the assignors. The latter could not invoke § 1300, so their assignee cannot. See *Frank Herman & Co.* v. *Robinson,* 65 Miss. 169.

CAMPBELL, C. J., delivered the opinion of the court.

As the assignee held by the same title by which his assignors did, the plaintiff was entitled to recover. 1 Amer. & Eng. Enc. Law, p. 854.

*Affirmed.*