CASHIN *v.* MURPHY.

(Division A. June 25, 1923.).

[96 South. 747. No. 23339.].

1. RECEIVERS. *Order by chancellor in vacation instructing receiver to sell property may be made in any county of court in which receivership situated.*

Under section 628, Code 1906 (Hemingway's Code, section 388), which subjects receivers to the orders, instructions, and decrees of the chancellor in vacation, it is not necessary that an order made by the chancellor in vacation instructing a receiver to sell property in his possession shall be made in the county of the court in which the receivership cause is pending, but it may be made in any county of the chancery court district in which the county of the receivership is situated.

2. RECEIVERS. *Liens against property in hands of receiver not impaired by sale where lienholders not parties.*

Where property comes into the hands of a receiver subject to existing liens, the liens are not impaired by a sale of the property by the receiver under an order of the court or chancellor to the making of which the lienholders were not parties.

3. RECEIVERS. *Order of sale by receiver of property subject to liens for undetermined amounts should not be made until lienholders made parties by notice or otherwise.*

An order for the sale by a receiver or property in his possession

subject to liens securing debts due by the owner of the property to third persons for undetermined amounts should not be made until the lienholders have become parties thereto by notice or otherwise.

APPEAL from chancery court of Humphreys county. HON. E. N. THOMAS, Chancellor.

Suit by C. M. Murphy against J. M. Cashin. From an order directing the sale of property in the custody of defendant by a receiver, he appeals. Reversed and remanded.

. *J. M. Cashin,* in *Pro Per.*

Presenting first the question of the jurisdiction of the chancellor to render such a decree in vacation, we desire to state that the authority of the chancellor to try cases and render decrees in vacation is governed by section 506, Code of 1906, section 262 of Hemingway's Code. The general rule is that the powers of judges at chambers and in vacation are regulated by statute. 17 Am. & Eng. Enc. of Law, page 724. The enumeration of powers in the enabling statutes is usually quite specific, and the authority of judges in vacation is generally considered as limited by implication to the matters mentioned. 15 R. C. L., 522; *Blair* v. *Reading,* 99 Ill. 600; *Hammock* v. *Farmers Loan & Trust Co.,* 105 U. S. 77, 26 L. Ed. 1111. The question really presented to the court for determination by this appeal is whether it is proper for a chancery court to order the sale of property for the purpose of division when the title to the property is in issue in the case and is undetermined, and especially when the property could be divided in kind anyway, and to render such a decree in vacation over the protest and objection of one of the parties to the case. If it should be ultimately adjudged that appellee is entitled to a half interest in this property, there would still be no necessity for its sale, because the property could be easily partitioned in kind. The policy of the law is not to sell property for the pur-

pose of partition, but to divide it in kind. Property will not be ordered sold except where it better promotes the interests of the parties, or where an equal division in kind cannot be made. Sections 2826 and 2855, Hemingway's Code; *Cox* v. *Kyle,* 75 Miss. 667; *Smith* v. *Stansell,* 93 Miss. 69; *Shorter* v. *Lesser,* 93 Miss. 706. But, in addition to all that, it is respectfully submitted that ordering a sale of the property mentioned, while the title thereto is in dispute and undetermined, is premature and unauthorized by law. *Krohn* v. *Weinberger,* 34 S. E. 746; High on Receivers, section 100; *Kelly* v. *Shay,* 55 Atl. 925; *Bush* v. *Jay, et al.* (N. Y.), 21 N. E. 184.

*Mortimer & Sykes,* for appellee.

Some criticism is made as to the terms upon which the sale was ordered. This was a question purely within the discretion of the chancellor, and no abuse of this discretion is claimed nor shown. As to the power of the chancellor to enter an order in vacation directing the sale by a receiver of property in his custody as an officer of the court, we respectfully submit that section 506 of the Code of 1906 (section 262, Hemingway's Code) quoted in appellant's brief has no application. Such an order is interlocutory and may be made either in term time or in vacation, with or without notice, upon such terms as the chancellor in his discretion may direct. *Lamb* v. *Rowan,* 81 Miss. 369, 33 So. 4. Appellant says that the real question to be decided is whether a sale of property for division can be ordered when the title to the property is in issue in the case and undetermined. Now, let us see what he means when he says the title to the property is in issue in the case and undetermined. The original bill alleges that all the law books, furniture, and fixtures were owned by the appellant and appellee jointly. Attached to the original bill as Exhibit "A" is a signed and acknowledged bill of sale from J. M. Cashin to C. M. Mur-

phy, of a one-half undivided interest in the property taken charge of by the receiver.   By that bill of sale Cashin specifically covenants and agrees to pay the indebtedness owing upon any of the books, furniture, and fixtures thereby conveyed.   As to the necessity for a sale of the books, fixtures, etc., for division of the proceeds, eliminating the agreement or admission in appellant's answer to propriety of this course, we respectfully refer the court to the petition of S. H. McClintock, landlord, for the payment of some nine or ten months' rent of the office in which the property was stored, at the rate of twenty dollars per month amounting to more than two hundred dollars.   If the property should be divided in kind, the lien of the landlord for his unpaid rent would not be released from the property set apart to appellee.   Then, too, there is owing upon almost every important set of books in the library to the various publishers from whom they were purchased, for the balance of the purchase money and in many instances secured by title retained contracts, large sums of money, which are a lien upon the books and fixtures and which  he specifically covenanted to pay. He admits in his brief that he has no money, so from what other source can it be expected that these items will be cared for?   How is it possible that any equitable division in kind of the property could be made when the title to a part of nearly all of the most valuable sets of books in the office remain in the publisher or seller?   It will be readily seen that under no conditions would it be feasible to endeavor to make partition in kind of the books and fixtures.   That a sale of the books, etc., is necessary for the preservation of the estate cannot be doubted by any reasonable person.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from an order made by the chancellor in vacation directing a receiver to sell property in his custody and is the second appearance of the case in this court,

the order appointing the receiver having been affirmed in *Cashin* v. *Murphy*, 90 So. 331. The cause is pending in the chancery court of Humphreys county, and the order for the sale was made in Sharkey county, both of which counties are in the same chancery court district.

The appellant and the appellee are both attorneys at law and were formerly partners, and this litigation was begun by the appellee for the purpose of collecting and dividing the partnership assets, including a law library, bookcases, and other office furniture and fixtures. The original bill, among other things, prays:

"That as soon as practicable the receiver be directed to sell all the books, furniture, fixtures, etc., belonging to the complainant and defendant jointly, etc."

On the return of the cause to the court below after the former appeal therein the appellee filed a petition praying that the receiver be ordered to sell the property in his hands consisting of books, bookcases, furniture, etc., "and that the proceeds of the said sale be paid into court in lieu of the property aforesaid to await the final determination of said cause." This petition was answered by the appellant, who also filed an amended answer and cross-bill in which he denied the validity of the contract under which the appellee claims an interest in the property, sixty days to answer which was granted by the court to the appellee. This answer seems not to have been filed when the order here in question was made. At the June, 1922, term of the court below, the appellant filed a motion challeging the competency of the chancellor to sit in the cause. The hearing of this motion was, by order duly made, set for Wednesday, June 28, 1922, in vacation at Rolling Fork, Sharkey county, Miss. This order further provided "that all other proceedings in said cause be held in abeyance pending disposition of said motion." On June 28th the appellee and the appellant appeared before the chancellor at Rolling Fork and the motion challenging the competency of the chancellor to sit in the cause was over-

ruled, and over the protest of the appellant the chancellor then heard evidence relative to and granted the order directing the receiver to sell the property in his custody. The order recites that it appeared "to the satisfaction of the court that it is' necessary for the preservation of the estate in the hands of the receiver and to the best interest of the estate and all parties concerned therein that a sale of said assets should be ordered as prayed."

The order appointing the receiver directed him to provide "a suitable and convenient place for the storage of all the books, furniture, fixtures, etc., as described in Exhibit A to the original bill hereto, . . . so that both the complainant and defendant may have ready access to, and the mutual right to use the same, upon as nearly equal terms as practicable."

Pursuant to this direction the receiver rented the office formerly occupied by the appellant and appellee and in which the property had remained, agreeing to pay as rent therefor twenty-five dollars a month. Some time thereafter the appellee rented the office himself and agreed with the receiver that he might leave the books, furniture, etc., therein if he (the receiver) would pay one-half of the rent, which as we understand the record is the same as that the receiver had theretofore paid, to-wit, twenty-five dollars per month. The appellant in the meantime removed from Belzoni to Greenville, where he now lives.

The receiver has insured the property in a fire insurance company, the premium on which amounts to sixty or seventy dollars. He owes for this premium and for the office rent incurred by him both before and after the arrangement made by him with the appellee, and has no money with which to pay either.

The receiver testified on the trial that several law book firms claim liens on some of the books for unpaid balances due them therefor by the appellant under contracts of sale by which they reserved title to the books until paid for. The books seem to be well settled and are valued

by the receiver at three thousand dollars or five thousand dollars and are doubtless worth more than that. The bookcases, furniture, etc., seem to be worth about one thousand dollars.

The appellant's contentions are: First, the chancellor was without jurisdiction to order the sale of the property in vacation; second, if a chancellor has such jurisdiction, it can be exercised only in the county of the court in which the cause is pending; third, property in the hands of a receiver should not be sold while the title thereto as between the parties to the litigation is in dispute; fourth, the evidence presents no ground for the sale of the property.

Under section 628, Code of 1906 (Hemingway's Code, section 388), receivers are subject to the orders, instructions, and decrees of the chancellor in vacation, which orders, instructions, and decrees may be made and given in any county of the district in which the county of the court in which the cause is pending is situated. *Hiller* v. *Cotten*, 54 Miss. 551; *Adams* v. *Kyzer*, 61 Miss. 407.

Pretermitting any discussion of the appellant's third contention and coming to the fourth and leaving out of view the need of the receiver for money with which to pay insurance premiums and office rent, the fact that the property, or a portion of it, is covered by liens to third persons renders the order for the sale thereof erroneous.

It seems from the evidence and the briefs of counsel that one of the reasons for the granting of the order of sale is that from the money arising therefrom the liens on the books may be paid off when the amounts secured thereby have been determined. The order of sale was made without notice to these lienholders, and they are in no way parties thereto; consequently a sale made thereunder will not impair their liens, but the purchaser at the sale will take the property subject to the liens. High on Receivers (4th Ed.), sections 191 and 199A; 23 R. C. L. 100. And since the amounts secured by these liens are unde-

termined, prospective purchasers cannot bid at the sale with any assurance that in the end they may not be called on to pay more for the books than they are willing to pay. In order that the rights of all parties may be fully protected and the property bring its full value at the sale, the rights of these lienholders should be determined and the property sold under an order that will enable the purchaser to take it free from the liens.

The disposition of the cause which the foregoing views require will render it unnecessary for us to decide the motion filed by the appellant to strike out certain portions of the record.

*Reversed and remanded.*