BETHEA *et al. v.* RAHAIM *et al.*

(In Banc.  Feb. 14, 1944.  Suggestion of Error Overruled March 27, 1944.)

[16 So. (2d) 633.  No. 35472.]

Leonard B. Melvin, of Laurel, for appellants.

**A. S. Scott,** of Laurel, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Ralph L. Stotts was engaged in the grocery and meat market business, which became insolvent. Harry E. Koch was appointed receiver by the chancery court to close out and wind up the business. He got an order of the chancery court to sell the property at private sale as authorized by Section 469, Code of 1930, as amended by Chapter 327, Laws of 1936. The sale was made and confirmed by the court. Later the appellees, the Rahaims, creditors, sought to have the sale set aside upon grounds to be referred to later. The court set the sale aside and ordered another sale, and from that decree this appeal is taken.

The question, therefore, is whether or not the sale ordered and confirmed by the chancery court should be set aside and another sale ordered in its place. The court below held in the affirmative under the facts of this case, and we think correctly.

Stotts' mother, Marie Stotts, owned a grocery and meat market business (which is that involved) which she sold and transferred to her son, Ralph L. Stotts. The latter was inducted into the army and before joining gave his mother power of attorney authorizing her to do with the business whatever he could if present. When the business became insolvent she assigned and transferred all of the assets to Koch to administer for the benefit of its creditors. The chancery court thereafter appointed Koch receiver to carry out the purposes of the assign-

ment. Part of the assets were: "One Warren 12′ Meat Counter No. 912, one Warren 6′ by 8′ Walk-in Meat Cooler, and one Brumur Compressor with 1½ H. P. Motor," which had been theretofore sold and delivered to Mrs. Stotts by the Rahaims, who took a purchase-money reserve title contract to secure the payment therefor, which was on record. This equipment constituted part of the assets transferred by Mrs. Scotts to her son. He knew then of the lien on it for the purchase money. This property was sold separately by the receiver and bought in by appellant Bethea, doing business as Bethea Grocery Company, for $451, which he paid to the receiver. The evidence on the application to set aside the sale showed that there was a balance due thereon of $817 and that the property was worth as much as $1,000. One witness testified that he was ready, willing and able to pay $1,000 for it. Although the receiver knew of the claim of the Rahaims, he gave no notice to them or their attorney of the time and place of the sale of the property. The court in its decree setting aside the sale and ordering another provided that if the Bethea Grocery Company failed to become a purchaser at another sale the receiver should return to it the $451 it paid at the first sale and in addition pay whatever expense, if any, it incurred in moving the property.

Under the principles laid down in Mitchell v. Harris, 43 Miss. 314, and 35 C. J., pp. 100-104, secs. 164-167, inclusive, and notes, the court was justified in setting aside the sale and ordering another. After a sale of property by decree of the chancery court a mere increase of price or inadequacy of price at the time of sale, will not alone justify the court in setting it aside, although such inadequacy or increase in connection with unfairness, injustice or inequity in making the sale would be sufficient. Here we have in this case both inadequacy and unfairness, consisting of the failure to give the Rahaims notice of the time and place of the sale.

Affirmed.

DISSENTING OPINION.

**Smith, C. J.,** delivered a dissenting opinion.

I am of the opinion that the court below erred in setting aside the receiver's sale of this property. The appellee is not attempting to assert a right to enforce a lien on the property or to assert a claim of ownership thereto notwithstanding its sale by the receiver; consequently the cases of Gayden v. Tufts, 68 Miss. 691, 10 So. 53 and Cashin v. Murphy, 132 Miss. 834, 96 So. 747, have no application here.

Section 469, Code of 1930, as amended by Chapter 327, Laws of 1936, authorizes the chancery court and the chancellor in vacation ''in all matters requiring a sale of . . . personal property . . . to order or decree the sale of . . . personal property, at private sale, under such terms and conditions as the chancellor may impose.'' The section does not require the sale of personal property to be confirmed, but does require the sale of real property to be confirmed by the chancellor. The decree directing that this property be sold at a private sale does not expressly require that it be reported to, and confirmed by, the chancellor. It does provide that ''if the amount offered is unsatisfactory to the court,'' then the property shall be sold at a public sale. Under this provision of the decree, the sale was reported to, and confirmed by, the court.

The ground upon which the court below sometime after its confirmation set this sale aside, as appears from its decree, was ''because, of lack of notice as to time and place of sale, when at said time there was a recorded chattel mortgage for a vendor's lien for said goods, wares and merchandise so sold to W. D. Bethea.'' This decree is being now affirmed on the ground of lack of notice of the sale to the appellee, plus inadequacy of the price obtained for the property sold, the failure of the

receiver to notify the appellee "of the time and place of sale" being characterized as an "unfairness." The decree ordering the sale was in strict conformity to Chapter 327, Laws of 1936, which does not require notice of a sale to be given to any one. The sale was made in strict conformity to the decree, and was approved by the court on a report to it thereof. In the absence of fraud in the making of this sale on the part of the receiver or of the purchaser of the property thereat, the court below was without authority to set it aside after its confirmation. The only fraud which this court here finds, is the failure of the receiver to notify the appellee of the time and place of the sale, and I am at a loss to see how not giving this notice can be characterized as "unfairness, injustice or inequity," when neither the statute nor the decree requires that it be given, but on the other hand permits the sale to be made without it, in view of United States F. & G. Co. v. McCain et al., 136 Miss. 30, 101 So. 197. Of course, the appellee would have been entitled to have the receiver apply the proceeds of this sale to the liquidation of the debt due him secured by the lien thereon.

Much is said in the brief of counsel for the appellee, and reference is made to it in the opinion in chief, that the appellee held a mortgage on this property of which the receiver had knowledge. That fact entitled the appellee to no more consideration from the receiver in this connection than was due by him to all other creditors, secured or unsecured, of the person whose estate was being administered by the court through its receiver. If the appellee's claim was that he is entitled to recover the property from the purchaser notwithstanding its sale to him by the receiver, a different question as to lack of notice might be presented under Gayden v. Tufts and Cashin v. Murphy, supra.