# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00641-SCT

*JOHN W. OSBY AND GUSSIE BAILEY*

*v.*

*REBECCA JANES*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2020 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD, JR. |
| TRIAL COURT ATTORNEYS: | JAMES KIZER JONES |
| | FLORDIA M. HENDERSON |
| | JAMES ANTHONY BRADLEY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JAMES KIZER JONES |
| | GUSSIE BAILEY (PRO SE) |
| ATTORNEYS FOR APPELLEE: | JAMES ANTHONY BRADLEY |
| | DEREK D. HOPSON |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 08/12/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1. Plaintiffs seek to overturn a chancellor's decision confirming a partition sale. They argue that they are entitled to a new sale because the COVID-19 pandemic rendered the prior sale unfair. This Court employs an abuse-of-discretion standard when considering chancellors' decisions. *Barton v. Barton*, 306 So. 3d 682, 684 (Miss. 2020) (citing *Alexis v. Black*, 283 So. 3d 1105, 1107 (Miss. 2019)). Abuse of discretion occurs when a chancellor's decision is "either wholly unsupported by the factual record or is reliant upon

incorrect statements of the law." *Id.* (citing *Will Realty, LLC v. Isaacs*, 296 So. 3d 80, 81 (Miss. 2020)). Plaintiffs do not claim the chancellor abused his discretion, nor does this Court discern an abuse of discretion by the chancellor. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2.     In 1950, John H. Osby and Ruthie May Osby acquired title to land in DeSoto County as tenants in common. Following their deaths, the land passed intestate to eleven children. Over the years, the number of tenants in common has continued to grow as the children passed their interests on to their heirs. After maintaining the land for some years, including paying taxes on it since 1997, John W. Osby attempted to negotiate a sale.

¶3.     In August of 2018, John W. Osby contracted to sell the property to Brad and Rebecca Janes for $162,660. Not all of the tenants in common agreed though, believing they could obtain a better price for the land. To resolve this impasse, John W. Osby petitioned the Chancery Court of DeSoto County to partition the land and to order a sale. He filed a petition on April 10, 2019. After the owners of the property were confirmed, the chancellor issued a sale order on February 5, 2020, setting the sale date as April 9, 2020.

¶4.     On April 1, 2020, Tate Reeves, the governor of Mississippi, entered a shelter-in-place order due to the COVID-19 pandemic. The order required certain nonessential businesses to close and recommended social distancing *inter alia* to reduce the spread of the coronavirus in Mississippi. The order did not bar sales of land. John W. Osby consulted with his attorney regarding the effect of the pandemic on the sale, and he asked several neighbors to appear at the sale to bid on the land. Neither Plaintiffs nor any other tenants in common petitioned

2

the court to delay the sale.

¶5.    Pursuant to the order, the sale was conducted on April 9, 2020. The sale was attended by ten persons. Twenty-nine bids were made at the sale. Defendant Rebecca Janes's bid of $70,000 was declared the highest bid received. On April 13, 2020, the commissioner of the sale filed a report with the court attesting that all the conditions for sale were met. Subsequently, John W. Osby, as well as several of the other tenants in common, filed petitions to reject the sale.

¶6.    After receiving arguments on the petitions and hearing testimony, the chancellor issued an order confirming the sale and dismissing the motions to reject the sale. Aggrieved, Plaintiffs and other tenants in common appeal.

## ANALYSIS

¶7.    Plaintiffs acknowledge that this Court only reviews chancellors' decisions for abuse of discretion, yet they fail to advance argument in support of such a claim. They do not claim error was committed by the chancellor. Rather, Plaintiffs limit their argument to contending that the final bid price of the property "should have 'shocked the conscious' [sic] of the court." Plaintiffs seek refuge by utilizing *Bethea v. Rahaim*, 196 Miss. 15, 16 So. 2d 633 (1944). They argue that all they need show this Court to overturn the  chancellor's order and the sale is "inadequate price and unfairness."

¶8.    But the facts in *Bethea* were much different. In *Bethea*, this Court reviewed a chancellor's decision to overturn a receiver's sale of personal property due to a pervasive failure to notify certain individuals and the payment of a patently low price. *Id.* at 634.

3

Notably, this Court declined to overturn the chancellor's decision in ***Bethea***, finding adequate support in the record for the chancellor's decision. ***Id.*** The chancellor in ***Bethea*** noted procedural and substantive problems with the sale, so the Court said he was justified in setting it aside. ***Id.***

¶9. Plaintiffs fail to identify similar issues in this case, nor do they challenge any of the chancellor's findings. Their argument is predicated upon the belief that "as a result of the Covid-19 pandemic preventing some bidder(s) from attending the sale, unfairness has resulted." Despite the pandemic, not one person petitioned the court to delay the partition sale date once the sale date was set.

## CONCLUSION

¶10. Because Plaintiffs fail to identify an abuse of discretion in the chancellor's decision and because our examination of the record has failed to identify an abuse of discretion in the chancellor's decision, our standard of review dictates we affirm the judgment of the Chancery Court of DeSoto County.

¶11. **AFFIRMED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**