BARNES, J.,
for the Court.
¶ 1. Helen Dunaway appeals from the final judgment of the Chancery Court of Walthall County affirming the judicial sale of certain real property. We find that the issues Dunaway raises on appeal are without merit and affirm the judgment of the chancery court.
FACTS
¶ 2. Prior to the judicial sale, Donald and Joan Morgan owned an undivided three-fourths interest in certain real property located in Walthall County, Mississippi. The remaining one-fourth interest was owned by Donald Morgan’s sister, Helen Dunaway. In a letter dated March 31, 2003, Morgan attempted to purchase the one-fourth interest from Dunaway. When she did not accept, Morgan filed a complaint for partition on May 15, 2003, in the Chancery Court of Walthall County, requesting that the property in question be partitioned by sale pursuant to Mississippi Code Annotated section 11-21-11. Duna-way did not file an answer to the complaint, and on July 7, the chancellor entered an order finding that a partition by sale would “better promote the interests of all parties” and appointing an appraiser to value the property. The appraisal valued the property at $62,000. The court then entered an agreed order for sale of property on October 13, finding that “the efforts of the parties to settle this matter have failed” and reiterating that a partition by sale would “better promote the interest of all parties.” The agreed order appointed Bob Bracey, the chancery clerk of Walthall County, to act as special master and conduct the sale of the property, and to furnish a report of the sale to the court at a hearing to be held on or before December 8,2003.
¶ 3. The advertised sale of the property was held on November 14. Dunaway was notified of the date of the sale both by publication and by a letter directed to her attorney. However, only Morgan was present at the public auction, where he purchased the property for $52,000. The special master promptly filed his report of *874 sale with the court, whereupon Dunaway-filed a motion to order resale of property prior to the scheduled hearing on the report. In her motion, Dunaway argued that the sale price was grossly inadequate, and that the sale should be set aside because the special master failed to subscribe the oath required by Mississippi Code Annotated section 11-21-17 prior to the sale. The chancellor issued a final judgment on January 5, 2004, denying the motion for resale and approving the report of the special master. Aggrieved, Dunaway appeals to this court raising the same two issues.
STANDARD OF REVIEW
¶ 4. We will not disturb the findings of a chancellor unless they are manifestly wrong, clearly erroneous, or if the chancellor applied the wrong legal standard. McNeil v. Hester, 753 So.2d 1057, 1063(¶ 21) (Miss.2000).
ISSUES AND ANALYSIS
I. Whether the chancery court erred in failing to set aside the sale of property because the special master failed to subscribe the oath required by Mississippi Code Annotated section 11-21-17.
¶ 5. Dunaway argues that the chancellor abused his discretion in failing to set aside the sale of property because the special master, Bracey, failed to subscribe the oath found in Mississippi Code Annotated section 11-21-17.[1] Dunaway asserts that “partition suits are purely statutory and controlled by statute,” and, because the special master did not follow the statutory procedure of taking the oath, the sale must be set aside. Morgan counters that the oath taken by all chancery clerks in the State of Mississippi, which is found in section 268 of the Mississippi Constitution, encompasses the oath found in Mississippi Code Annotated section 11-21-17. Thus, Morgan argues, it is unnecessary for Mississippi chancery clerks to subscribe the oath found in section 11-21-17 when they are appointed as special masters to conduct a judicial sale. We find the arguments of both parties to be misplaced. First, it appears that the oath provided in section 11-21-17 is required when three commissioners are appointed to divide the property in kind, rather than when a special master is appointed to conduct a judicial sale. Second, appointment of special masters is now governed by Rule 53 of the Mississippi Rules of Civil Procedure, which contains no requirement that the special master subscribe an oath. Accordingly, we affirm the judgment of the chancellor approving the report of the special master.
¶ 6. The instant case involves a partition by sale. These judicial sales are conducted pursuant to Mississippi Code Annotated section 11-21-11, which provides that “[i]f ... the court be of the opinion that a sale of the lands ... will better promote the interest of all parties than a partition in kind ... it shall order a sale of the lands ... [and][t]he court may appoint a master to make the sale.... ” Section 11-21-15 governs partitions in kind, stating that “[i]f the judgment be for a partition of the land, it shall state the number of shares into which the land is to be divided, and shall appoint three (3) discreet freeholders ... to make partition according to the judgment.” Thus, section 11-21-15 refers to partition of property in kind, while section 11-21-11 refers to judicial sale of the prop *875 erty. In the case of a partition in kind, section 11-21-15 mandates that three masters or commissioners be appointed to accomplish the partition, whereas only one master is required by section 11-21-11 to perform the judicial sale. It-appears that the oath of section 11-21-17 must be read in context with section 11-21-15, because section 11-21-17 refers to commissioners in the plural and their oath to “make the partition decreed.” For this reason, section 11-21-17 appears to have no application or relation to section 11-21-11, which provides for judicial sale. We determine, therefore, that it was unnecessary for the special master appointed pursuant to section 11-21-11 to take the oath prescribed in section 11-21-17 which applies only to the three masters appointed to conduct a partition in kind pursuant to section 11-21-15.
¶ 7. We further find that the appointment of the special master to conduct a partition sale is governed by Mississippi Rule of Civil Procedure 53. Pursuant to its inherent rulemaking authority stated in Newell v. State, 308 So.2d 71 (Miss.1975), the Mississippi Supreme Court adopted the Mississippi Rules of Civil Procedure which became effective on January 1,1982. These rules govern all procedure in Mississippi circuit, chancery, and county courts. M.R.C.P. 1. In the event of a conflict between the rules and any statute or court rule previously adopted, the “rules shall control.” M.R.C.P. cmt. Rule 53 governs masters, referees, and commissioners. The rule makes clear that appointment of masters, referees, commissioners, and other judicial assistants will be governed by the rule, and that the rule applies to, inter alia, chancery court practice.[2] M.R.C.P. 53 cmt. Thus, to the extent that Mississippi statutes dealing with appointment of a special master conflict with Rule 53, the rule will control.
¶ 8. Rule 53 contains no reference to an oath as required by section 11-21-17. The rule is, however, comprehensive, containing sections on appointment and compensation of a master, qualifications of the master, when an issue may be referred to a master, powers of a master, proceedings before a master, taking of an accounting, the master’s report, and requirement of a master’s bond. M.R.C.P. 53(a)-(h). The rule states that a court “may appoint one or more persons in each county to be masters of the court,” and an issue may be referred to a master with the written consent of the parties. The master must be an attorney, however, in the case of “judicially-ordered sales and partitions of real or personal property,” the court may appoint persons other than attorneys. The order appointing the master may fix his powers, but subject to the order “the master has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order.” Furthermore, the order appointing the master “shall constitute sufficient certification of his .authority.” Following the master’s performance of the acts required of him by the order, he shall prepare a report containing his findings of fact and conclusions of law. Upon hearing, the court may accept this report, modify it, reject it in whole or in part, or recommit the report with instructions. M.R.C.P. 53(a)-(h).
¶ 9. It is clear that the requirements of Rule 53 were met in the instant case. As such, section 11-21-17 cannot be used to *876 impose an additional requirement on the actions of the special master herein. In the instant case, both Morgan and Duna-way agreed to the appointment of Bracey as special master. The court entered an order that Bracey should conduct the sale pursuant to Mississippi Code Annotated section 11-21-11. Pursuant to Rule 53, Bracey conducted the sale according to the order and then prepared a report. Duna-way objected to the report, the chancellor considered her objections in a hearing, and the chancellor elected to adopt the report of the special master. The procedures outlined in Rule 53 were followed,[3] and, this being the case, we cannot find that Bracey’s failure to take the oath provided in section 11-21-17 was a procedural defect which justifies setting aside the sale of property in this case.
II. Whether the chancellor manifestly erred in failing to grant Duna-way’s motion to order resale of property because the sale price of $52,000 was so grossly inadequate as to shock the conscience.
¶ 10. Dunaway argues that the sale price of $52,000 was so inadequate as to shock the conscience, and that the judgment of sale should therefore be set aside. In support of her contention she cites cases regarding foreclosure sales.
¶ 11. Our supreme court has held, “[w]e have frequently reiterated our adherence to the general rule that, absent any irregularity in the conduct of a foreclosure sale, it may not be set aside unless the sales price is so inadequate as to shock the conscience of the Court or to amount to fraud.” Allied Steel Corp. v. Cooper, 607 So.2d 113, 118 (Miss.1992). In order to meet the standard of shocking the conscience of the Court, “the bid price must be so inadequate that it would be impossible to state it to a man of common sense without producing an exclamation at the inequality of it.” Id. (citing Cent. Fin. Serv., Inc. v. Spears, 425 So.2d 403, 405 (Miss.1983)) (internal quotes omitted).
¶ 12. We note at the outset that these cases refer to foreclosure sales, not partition sales, and as such, they appear to have no application here. However, Mississippi Code Annotated section 11-21-1 states that a partition of land shall be final “unless made or procured by fraud.”[4] The only recent case which considers an “inequitably low” sale price in the context of a partition sale is Necaise v. Ladner, 910 So.2d 699 (Miss.Ct.App.2005), where this Court held that “inadequacy of price at the time of sale will not alone justify the court in setting it aside ... although such inadequacy ... in connection with unfairness, injustice or inequity in making the sale would be sufficient.” Id. at 702(¶ 9) (quoting Bethea v. Rahaim, 196 Miss. 15, 16 So.2d 633, 634 (1944) (regarding a foreclosure sale)).
¶ 13. We find that the sale price of $52,000 was clearly adequate when compared to the appraised value of $62,000, and the chancellor did not manifestly err in confirming the report of the special master. Dunaway’s primary contention seems to be that the sale price was inadequate when compared with an offer made by Morgan for Dunaway’s interest prior to the judicial sale. The amount of this offer is not disclosed in the record, and Duna-way cites no authority in support of this *877 argument. Morgan had no duty to offer as much for the property at the judicial sale as he offered in settlement negotiations. When compared with the appraisal value of $62,000, the sale price of $52,000 certainly was not sufficient to “shock the conscience” of the court, and there has been no evidence of fraud at any stage of this partition action. Dunaway’s contention is without merit.
¶ 14. For the foregoing reasons, we affirm the judgment of the chancery court.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF WALTHALL COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.

. Neither party disputes that Bracey failed to subscribe this oath, which provides that "the special commissioners ... will honestly, faithfully and impartially make the partition decreed, and perform the duties required of them to the best of their skill, knowledge and judgment.” See Miss.Code Ann. § 11-21-17 (Rev.2004).

. The rule further provides that masters, referees, and commissioners will all be referred to as “masters” for purposes of the rule.

. Our decision here should not be misconstrued so as to upset the statutory procedures for partition of property. Rather, we are merely reiterating the procedure for appointment of a master found in Rule 53.

. No fraud was alleged in the instant case.